ROTHENBERG, J.
Guillermo Zuniga appeals from an order dismissing his wrongful termination complaint for failing to exhaust administrative remedies. We affirm.
On October 17, 2006, Guillermo Zuniga became a probationary civil service employee in the City of Hialeah’s (“Hialeah”) classified service system. Under Hialeah’s Civil Service Rules and Regulations (“CSRR”), probationary civil service employees are subject to immediate termination, with or without cause, and without the right to appeal the termination to Hialeah’s Personnel Board. CSRR R. VIII. To attain permanent civil service status, probationary employees must “satisfactorily perform” their job duties for the duration of their probationary period, which, in Zuniga’s case, was twelve months. Id. Under CSRR Rule X, section 1., once probationary employees attain permanent civil service status, they are entitled to procedural rights in disciplinary matters, including written notice, an opportunity to respond, and the right to appeal to Hialeah’s Personnel Board:
The suspension, reduction or removal of a permanent employee in the classified service shall not become effective until the department or division head shall have first served the employee with a written notice with sufficient information to allow the employee to explain or rebut the suspension, reduction or removal. A copy of such notice, together with the employee’s explanation, if any, shall be filed with the [Personnel] Board. A temporary, probationary or provisional employee has no civil service rights and may be discharged, suspended or demoted by the department or division head or appointing official at any time without appeal to the [Personnel] Board.
Hialeah’s Personnel Board, which is comprised of five Hialeah citizens, admin *990 isters Hialeah’s classified service system. The Personnel Board is responsible for establishing “procedures for reviewing suspensions, reductions or removals of classified service officers or employees for misconduct, inefficiency or other good reasons; and hearing appeals from suspensions, reductions or removals.” Hialeah Charter § 4.07(b)(3)(h). In addition, the Personnel Board has the authority to “establish probation periods to observe if a promoted or new employee is performing duties satisfactorily.” Hialeah Charter § 4.07(b)(3)(f).
On January 5, 2009, Zuniga was orally terminated without written notice. Although it is undisputed that Zuniga was employed for more than twelve months, the parties contest whether he had “satisfactorily” performed his duties as a probationary civil service employee, exactly how that determination is officially made, and, ultimately, whether Zuniga had attained permanent civil service status and its accompanying procedural rights.
Rather than contest his termination with the Personnel Board, Zuniga filed the instant action arguing that he was a permanent civil service employee entitled to the above-referenced procedural rights in disciplinary matters. The trial court dismissed Zuniga’s complaint, finding that since Zuniga had not appealed his termination to the Personnel Board, he had failed to exhaust his administrative remedies. This appeal followed.
On appeal, Zuniga argues that he had no administrative remedy available to him. In support, Zuniga contends he was never officially discharged pursuant to Rule X because he was not provided written notice with an opportunity to respond. Since the Personnel Board may only hear appeals from permanent civil service employees who are discharged, demoted, or suspended, Zuniga contends the Personnel Board lacked jurisdiction to hear his claim, and, therefore, the trial court erred in determining he possessed an adequate administrative remedy. We disagree.
“No principle is more firmly established than the requirement that, before resorting to the courts, one must pursue and exhaust any extrajudicial or administrative remedy which may provide the relief sought.” City of Miami v. FOP Lodge No. 20, 378 So.2d 20, 23 (Fla. 3d DCA 1979). To justify bypassing the Personnel Board, Zuniga was required to establish that the Personnel Board lacked even “col-orable” authority to review his termination, or that doing so would have been “clearly in excess of [the Personnel Board’s] delegated powers.” See St. Joe Paper Co. v. Fla. Dep’t of Natural Res., 536 So.2d 1119, 1124 (Fla. 1st DCA 1988). Zuniga has not carried this heavy burden.
While we are not in a position to determine definitively whether the Personnel Board had jurisdiction to review Zuniga’s termination, we cannot say that Zuniga has demonstrated that the Personnel Board was without even colorable authority to review his termination, or that doing so would have been clearly in excess of the Personnel Board’s delegated powers. Arguably, Zuniga has confused the procedural right to written notice as being a prerequisite to the Personnel Board’s jurisdiction. Given the Personnel Board’s broad authority over Hialeah’s personnel matters, including the ability to (1) establish “procedures for reviewing suspensions, reductions or removals of classified service officers or employees for misconduct, inefficiency or other good reasons,” (2) hear “appeals from suspensions, reductions or removals,” and (3) create “probation periods to observe if a promoted or new employee is performing duties satisfactorily,” a reasonable reading of the CSRR and the Hialeah Charter would *991 grant the Personnel Board jurisdiction to, at the very least, determine: whether Zu-niga was a permanent civil service employee; and, if so, whether he was officially discharged; and if so, whether his discharge was proper. Under these circumstances, Zuniga was required to. present his claim to the Personnel Board prior to filing a civil action. Then, in the event that the Personnel Board refused to review Zuniga’s case for lack of jurisdiction, or otherwise denied him an adequate administrative remedy, Zuniga would have been entitled to file suit.in a court of law.
Because Zuniga did not seek review by the Personnel Board to determine his employee “status,” the filing of the instant civil action was premature. Accordingly, we affirm the trial court’s order dismissing his wrongful termination complaint.
Affirmed.